■ TOMMIE DIXON, Respondent, v SHERIFF OF THE COUNTY OF SUFFOLK, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County,

dated May 2, 1978, which denied his motion to dismiss the complaint and granted plaintiff's cross motion, *inter alia,* to restore the action to the Ready Calendar. This appeal brings up for review so much of a further order of the same court, dated July 20, 1978, as, upon reargument, adhered to the original determination. Appeal from the order dated May 2, 1978 dismissed as academic. That order was superseded by the order granting reargument. Order dated July 20, 1978 reversed insofar as reviewed, on the law, and, upon reargument, defendant's motion, which was, in fact, one for summary judgment, is granted and the cross motion is denied. Defendant is awarded one bill of $50 costs and disbursements. The defendant moved at Special Term to dismiss the complaint based on the running of the Statute of Limitations. Special Term denied the motion as untimely pursuant to CPLR 3211 (subd [e]) and stated that the Statute of Limitations question was "reserved for the trier of fact." However, the defendant's motion was actually for summary judgment and was not untimely (see CPLR 3212, subd [a]). With respect to the merits, the motion should have been granted since there is no factual question which requires a trial for resolution. The plaintiff was incarcerated in the Suffolk County Jail and was in the custody of the defendant from March 28, 1972 until December 29, 1972, when he was released. The complaint alleges that while confined "the defendant negligently and recklessly failed and refused to provide [the] plaintiff with the proper medical attention suitable and fitting to his condition". The "condition" was eventually diagnosed as tuberculosis. This action was commenced by service of a summons and complaint. The summons is dated August 30, 1977, which is approximately four years and eight months after the plaintiff was released from the custody of the defendant. The Statute of Limitations governing this action is three years (see CPLR 214). In opposition to the defendant's motion, the plaintiff alleged a "course of continuous treatment" by the defendant. Therefore, the plaintiff concludes that the Statute of Limitations had not yet started to run. This contention is rejected. The "continuous treatment" given the plaintiff was rendered by a doctor at a different facility (The Suffolk County Home Infirmary). There is no allegation, and there are no facts alleged which would support an allegation, that the treating doctor was employed by, or associated with, the defendant in any way. In addition, there is no evidence that the doctor or the infirmary relied on any diagnosis or treatment by the defendant. Therefore, the defendant is entitled to summary judgment. In light of our disposition of this case, we do not pass on the other contention raised on appeal. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.